## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------------

JANA MASRI, individually and on behalf
of all others similarly situated,                    Civil Action No.:

                    Plaintiff,

        -against-                              **CLASS ACTION COMPLAINT**


BUREAU OF ACCOUNT MANAGEMENT,

                Defendant.

-------------------------------------------------------------------

       Plaintiff, JANA MASRI (hereinafter, "Plaintiff"), a New York resident, brings this Class

Action Complaint by and through the undersigned attorneys, against Defendant BUREAU OF

ACCOUNT MANAGEMENT  (hereinafter "Defendant"), individually and on behalf of a class of

all others similarly situated, pursuant to Rule 23 of the Federal Rules of Civil Procedure, based

upon information and belief of Plaintiff's counsel, except for allegations specifically pertaining to

Plaintiff, which are based upon Plaintiff's personal knowledge.


### INTRODUCTION/PRELIMINARY STATEMENT

1.  Congress enacted the FDCPA in 1977 in response to the "abundant evidence of the use of

    abusive, deceptive, and unfair debt collection practices by many debt collectors." 15 U.S.C.

    § 1692(a). At that time, Congress was concerned that "abusive debt collection practices

    contribute to the number of personal bankruptcies, to material instability, to the loss of

    jobs, and to invasions of individual privacy." *Id.*  Congress concluded that "existing laws .

    . . [we]re inadequate to protect consumers," and that "the effective collection of debts"

    does not require "misrepresentation or other abusive debt collection practices." 15 U.S.C.

§§ 1692(b) & (c).

2.  Congress explained that the purpose of the Act was not only to eliminate abusive debt collection practices, but also to "insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged." *Id.* § 1692(e). After determining that the existing consumer protection laws were inadequate, *id.* § 1692(b), Congress gave consumers a private cause of action against debt collectors who fail to comply with the Act. *Id.* § 1692k.

3.  The rights and obligations established by section 15 U.S.C. § 1692g were considered by the Senate at the time of passage of the FDCPA to be a "significant feature" of the Act. See *S. Rep. No. 382, 95th Cong., 1st Sess. 4, at 4, reprinted in 1977 U.S.C.C.A.N. 1695, 1696.*

## JURISDICTION AND VENUE

4.  The Court has jurisdiction over this class action under 28 U.S.C. § 1331, 15 U.S.C. § 1692 *et seq.* and 28 U.S.C. § 2201.  If applicable, the Court also has pendent jurisdiction over the state law claims in this action pursuant to 28 U.S.C. § 1367(a).

5.  Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2).

## NATURE OF THE ACTION

6.  Plaintiff brings this class action on behalf of a class of New York consumers under § 1692 et seq. of Title 15 of the United States Code, commonly referred to as the Fair Debt Collections Practices Act ("FDCPA"), and

7.  Plaintiff is seeking damages, and declaratory and injunctive relief.

## PARTIES

8.  Plaintiff is a natural person and a resident of Orange County, New York and is a "Consumer" as defined by 15 U.S.C. §1692(a)(3).

9. Defendant is a collection agency with its principal office located at 3607 Rosemont Avenue, Suite 502, Camp Hill, PA 17001.

10. Upon information and belief, Defendant is a company that uses the mail, telephone, or facsimile in a business the principal purpose of which is the collection of debts, or that regularly collects or attempts to collect debts alleged to be due another.

11. Defendant is a "debt collector," as defined under the FDCPA under 15 U.S.C. § 1692a(6).

## ALLEGATIONS OF FACT

12. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered above herein with the same force and effect as if the same were set forth at length herein.

13. Some time prior to April 19, 2019, an obligation was allegedly incurred to Kessler Institute for Rehab.

14. The alleged Kessler Institute for Rehab obligation arose out of a transaction in which money, insurance or services, which are the subject of the transaction, are primarily for personal or family medical purposes.

15. The alleged Kessler Institute for Rehab obligation is a "debt" as defined by 15 U.S.C.§ 1692a(5).

16. Kessler Institute for Rehab is a "creditor" as defined by 15 U.S.C.§ 1692a(4).

17. Kessler Institute for Rehab or subsequent owner of the Kessler Institute for Rehab debt contracted the Defendant to collect the alleged debt.

18. Defendant is a company that uses mail, telephone or facsimile in a business the principal purpose of which is the collection of debts, or that regularly collects or attempts to collect debts incurred or alleged to have been incurred for personal or family medical purposes on

behalf of creditors.

19. On or about April 19, 2019, Defendant sent to the Plaintiff a collection letter (the "Letter") regarding an alleged debt originally owed to Kessler Institute for Rehab. *See* **Exhibit A.**

20. Upon information and belief, the Letter was the first communication from Defendant to the Plaintiff with regards to the Kessler Institute for Rehab debt.

21. Plaintiff received the letter and read it.  The Letter stated in part:

**"In Re: Kessler Institute for Rehab"**

22. The April 19, 2019 letter fails to explicitly or implicitly identify Plaintiff's current creditor.

23. The Plaintiff, as would any least sophisticated consumer, was left unsure as to what creditor Defendant was attempting to collect for.

24. Pursuant to 15 U.S.C. §1692g, a debt collector is required in the initial communication with a consumer, to identify the name of the creditor to whom the debt is owed.

25. The obligation is not only to identify the name of the creditor, but to convey the name of the creditor clearly and explicitly.

26. "Thus, in order to comply with the requirements of section 1692g, more is required than the mere inclusion of the statutory debt validation notice in the debt collection letter, the required notice must also be conveyed effectively to the debtor" *See Graziano v. Harrison,* 950 F.2d 107, 111 (3d Cir .1991)*.* Moreover, the validation notice required by the Act "is to be interpreted from the perspective of the 'least sophisticated debtor.' " *Graziano*, 950 F.2d at 111.

27. Merely listing "In Re: Kessler Institute for Rehab" in the subject line of a collection letter does not explicitly convey that "Kessler Institute for Rehab" is the current creditor to whom the debt is owed.

28. In *Datiz v. Int'l Recovery Assocs., Inc.*, the district court held that an initial letter that merely states "Re: John T. Mather Hospital", is not without more sufficient to satisfy the requirements under 1692g. *See, Datiz v. Int'l Recovery Assocs., Inc.,* No. 15CV3549ADSAKT, 2016 WL 4148330, at *11 (E.D.N.Y. Aug. 4, 2016), <u>motion for relief from judgment denied</u>, No. 15CV3549ADSAKT, 2017 WL 59085 (E.D.N.Y. Jan. 4, 2017).

29. Congress adopted the debt validation provisions of section 1692g to guarantee that consumers would receive adequate notice of their rights under the FDCPA. *Miller v. Payco–General Am. Credits, Inc.,* 943 F.2d 482, 484 (4th Cir.1991).

30. Congress further desired to "eliminate the recurring problem of debt collectors dunning the wrong person or attempting to collect debts which the consumer has already paid."  S.Rep. No. 95–382, at 4 (1977), reprinted in 1977 U.S.C.C.A.N. 1695, 1699.

31. The rights afforded to consumers under Section 1692g(a) are amongst the most powerful protections provided by the FDCPA, in part because if a consumer properly asks for validation of the debt, a debt collector must cease collection efforts until they are able to properly validate the debt.

32. The FDCPA gives consumers a statutory right to receive certain information, including the name of the creditor to whom the debt collector is attempting to collect for, which the Plaintiff was deprived of in this case.

33. As a result of the Defendant's violations of the FDCPA, the Plaintiff was harmed.  The Plaintiff was deprived of information to which he was statutorily entitled to, and was subject to deceptive collection practices which he had a substantive right to be free from.

34. Defendant's actions as described herein are part of a pattern and practice used to collect consumer debts.

## CLASS ALLEGATIONS

35. Plaintiffs bring this claim on behalf of the following class, pursuant to Fed. R. Civ. P. 23(a) and 23(b)(3).

36. The Class consists of (a) all individuals with addresses in the State of New York (b) to whom Defendant (c) sent an initial collection letter attempting to collect a consumer debt (d) without properly identifying the name of the creditor to whom the alleged debt was owed (e) which letter was sent on or after a date one year prior to the filing of this action and on or before a date 21 days after the filing of this action.

37. The identities of all class members are readily ascertainable from the records of Defendants and those companies and entities on whose behalf they attempt to collect and/or have purchased debts.

38. Excluded from the Plaintiff Class are the Defendants and all officers, members, partners, managers, directors, and employees of the Defendants and their respective immediate families, and legal counsel for all parties to this action and all members of their immediate families.

39. There are questions of law and fact common to the Plaintiff Class, which common issues predominate over any issues involving only individual class members. The principal issue is whether the Defendant's written communications to consumers, in the forms attached as *Exhibit A,* violate 15 U.S.C. §§ 1692g and 1692e.

40. The Plaintiff's claims are typical of the class members, as all are based upon the same facts and legal theories.

41. The Plaintiff will fairly and adequately protect the interests of the Plaintiff Class defined in this complaint. The Plaintiff has retained counsel with experience in handling consumer

lawsuits, complex legal issues, and class actions, and neither the Plaintiff nor her attorneys have any interests, which might cause them not to vigorously pursue this action.

42. This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure because there is a well-defined community interest in the litigation:

(a)    **Numerosity:** The Plaintiff is informed and believes, and on that basis alleges, that the Plaintiff Class defined above are so numerous that joinder of all members would be impractical.

(b)    **Common Questions Predominate:** Common questions of law and fact exist as to all members of the Plaintiff Classes and those questions predominate over any questions or issues involving only individual class members. The principal issue is whether the Defendants' written communications to consumers, in the forms attached as *Exhibit A*, violate 15 U.S.C. § § 1692g and 1692e.

(c)    **Typicality:** The Plaintiff's claims are typical of the claims of the class members. The Plaintiff and all members of the Plaintiff Class have claims arising out of the Defendant's common uniform course of conduct complained of herein.

(d)    **Adequacy:** The Plaintiff will fairly and adequately protect the interests of the class members insofar as Plaintiffs have no interests that are averse to the absent class members. The Plaintiff is committed to vigorously litigating this matter. Plaintiff has also retained counsel experienced in handling consumer lawsuits, complex legal issues, and class actions. Neither the Plaintiff nor her counsel have any interests which might cause them not to vigorously pursue the instant class action lawsuit.

(e)     **Superiority:** A class action is superior to the other available means for the fair and efficient adjudication of this controversy because individual joinder of all members would be impracticable. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum efficiently and without unnecessary duplication of effort and expense that individual actions would engender.

43. Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that the questions of law and fact common to members of the Plaintiff Classes predominate over any questions affecting an individual member, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

44. Depending on the outcome of further investigation and discovery, Plaintiff may, at the time of class certification motion, seek to certify a class(es) only as to particular issues pursuant to Fed. R. Civ. P. 23(c)(4).

## COUNT I

**VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT**
**15  U.S.C. §1692g** *et seq.*

45. Plaintiff, individually and on behalf of all others similarly situated, repeats, reiterates and incorporates the allegations contained in paragraphs above herein with the same force and effect as if the same were set forth at length herein.

46. Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692g.

47. Pursuant to 15 U.S.C. §1692g, a debt collector is required in the initial communication

with a consumer, to clearly and unambiguously identify the name of the creditor to whom the debt is owed.

48. The Defendant violated section 1692g(a)(2) by failing to clearly and concisely identify the current creditor.

49. By reason thereof, Defendant is liable to Plaintiff for judgment that Defendant's conduct violated Section 1692g *et seq*. of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

<u>**COUNT II**</u>

**VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT**
**16  U.S.C. §1692e *et seq.***

50. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs above herein with the same force and effect as if the same were set forth at length herein.

51. Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692e and 1692e(10).

52. Pursuant to Section 15 U.S.C. §1692e of the FDCPA, a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.

53. The Defendant violated said provision by using false, deceptive and misleading representations in connection with the collection of a debt in violation of 15 U.S.C. §1692e(10).

54. By reason thereof, Defendant is liable to Plaintiff for judgment that Defendant's conduct violated Section 1692e *et seq*. of the FDCPA, statutory damages, costs and attorneys' fees.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff demands judgment against Defendant as follows:

(a)     Declaring that this action is properly maintainable as a Class Action and

certifying Plaintiff as Class representative, and the undersigned as Class Counsel;

(b)     Awarding Plaintiff and the Class statutory damages;

(c)     Awarding Plaintiff costs of this Action, including reasonable attorneys'

fees and expenses;

(d)     Awarding pre-judgment interest and post-judgment interest; and

(e)     Awarding Plaintiff and the Class such other and further relief as this Court

may deem just and proper.

Dated: April 17, 2020


                              Respectfully submitted,


                         By:
                              /s/ Yitzchak Zelman__
                              Yitzchak Zelman, Esq.
                              MARCUS & ZELMAN, LLC
                              701 Cookman Avenue, Suite 300
                              Asbury Park, New Jersey 07712
                              (732) 695-3282 telephone
                              (732) 298-6256 facsimile
                              YZelman@marcuszelman.com
                              *Attorney for Plaintiff*